FILED
11/22/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

1:23-cv-01228-JRS-MG

-------------------------------------------------------------------X

D. G. SWEIGERT

Plaintiff,

-against-

JASON GOODMAN et al
Defendant.

-------------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS FOR INVESTIGATION INTO FRUAD ON THE COURT**

Defendant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully moves the Court for an order staying the proceedings and opening an investigation into documents filed and fraud upon the court by Plaintiff David George Sweigert, ("Sweigert") for the reasons below;

**INTRODUCTION**

1.      "No matter who allegedly commits a fraud on the court--a party, an attorney, or a nonparty witness--the court has the inherent power to conduct proceedings to investigate that allegation and, if it is proven, to punish that conduct."

*De Manez v. Bridgestone Firestone* N. Am. Tire, LLC, 533 F.3d 578, 582 (7th Cir. 2008)

2.      David George Sweigert ("Sweigert") is a serial pro se plaintiff who began relentlessly cyberstalking and harassing Goodman in 2017.  Shortly after Goodman founded Crowdsource the Truth ("CSTT"), Sweigert announced plans to sue him "for the rest of his life."

3.      CSTT began as a personal project and hobby eventually occupied more and more of Goodman's time after his formerly successful Multimedia System Design, INC DBA 21st Century 3D, ("MSD") failed in the wake of Hollywood's turn away from 3D movies at the end of 2014.  Goodman reconfigured his life and changed careers from Hollywood visual effects cinematographer to investigative journalist and talk show host.  Goodman's novel and

remarkably effective, internet based, crowdsourced investigative journalism technique was

innovative in 2016 and has now become a core component of his popular news and talk show.

    4.    Over the years CSTT has evolved from a hobby into an unincorporated private

business and has become the new focus of Goodman's life and work.  MSD, his now defunct

corporation is no longer active, and Goodman is not a stereoscopic cinematographer or CEO in

Hollywood.  Despite this, Sweigert attempts to repeatedly deceive Courts into believing this

legacy corporation is responsible for Goodman's personal activity and postings on the internet.

    5.    Even if the alleged corporate entities were real, and even if Goodman were the

CEO at the time of the alleged acts, 47 U.S. Code § 230 prevents anyone from suing any user or

provider of interactive computer services for posting made by Goodman, irrespective of job title

or stock ownership.  Goodman, like MSD or MSDI is a unique user or provider of interactive

computer services.  Sweigert knows this from previous litigation, and seeks alternate venues to

make similar claims in an effort to compel Goodman to defend himself in multiple courts.

    6.    Sweigert has a particular specialty in crafting complex sham litigation which is

precisely what he attempts here.  He has publicly declared his intent to sue Goodman "for the

rest of his life" and has been following through on that promise ever since.  To that end, he has

extensively researched Goodman's life and attempts to conflate legacy corporate entities with

Goodman's current anti-corruption journalism so that he may sue fictitious corporations of his

own design.  This is solely intended to deceive the Court and compel Goodman to hire counsel to

unwind the confusing corporate phantom and otherwise complicate already vexatious litigation.

    7.    Recently, Sweigert has taken to adding corporate plaintiffs who Goodman relies

on for his business such as Patreon.com.  Sweigert then uses the threat of endless litigation to

compel social media platforms to terminate Goodman's access.  Using this tactic, he coerced

Google to terminate Goodman's accounts in exchange for dismissal from *Sweigert v Goodman et al,* which they did prior to any ruling from the Court. (*See* 1:23-cv-06881-JGK-VF Dkt. 62)

8.      Sweigert likely intends similar action toward Patreon.com here.  He persists in litigating against Goodman in any venue and any U.S. District Court that will allow him as he seeks out unique statutes that may damage Goodman while exploiting the Court.  Sweigert's maniacal pattern and practice of pursing sham litigation has become so obvious it is now self-evident.  The Court need only examine pacer.gov to see his history of nonsensical litigation.

9.      Nothing about this approach is consistent with the acts of a litigant attempting to recover damages or cure injuries.  Sweigert's enthusiasm for harming Goodman is so great, his personal obsession with him so deeply disturbing, that he shows no consideration for the vast resources expended or laws broken in the process of antagonizing Goodman with legal traps.

10.     Sweigert selected SDIND to access laws specific to the venue and to abuse this Court and Goodman's rights.  Because neither he nor Goodman live in Indiana and no claims pertain to any action directed at Indiana, Sweigert relies on fraud and deception to litigate here.

11.     When Sweigert brought this action on July 12, 2023, it was nearly identical to a case filed one week prior in SDNY, (*See* Sweigert v Goodman 1:23-cv-05875-JGK-VF).  This shotgun approach to sham litigation gives Sweigert access to any venue with a "Mad Libs" style "quick release" pleading that he then refines and amends to exploit unique aspects of the venue.

## BACKGROUND

12.     Since 2017, Sweigert has involved himself in nearly two dozen legal actions against Goodman.  The sheer volume of filings, appeals, amicus curiae briefs, attempted interventions, and other vexations actions have become too numerous to track.  Sweigert has filed so many legal actions against Goodman, he is running out of venues free of judges who

shun his "judicial gamesmanship" as judge Valerie Caproni called it, when she said the behavior would not be tolerated, but failed to act, (*See* Case 1:18-cv-08653-VEC-SDA Dkt. 383 Page 4).

13.     Virtually every day, Sweigert concocts some new scheme more complex than the last, in his ongoing effort to put Goodman in legal jeopardy.  To that end, and specifically so he could access Indiana law, Sweigert fraudulently represented that 1522 Vance Avenue Fort Wayne Indiana was an address at which he resided or could receive mail when he filed a change of address, (ECF No. 4).  Goodman alleges this outrageous fraud upon the Court was perpetrated in violation of 18 U.S. Code §§ 1341 and 1343 so Sweigert could claim the Court has jurisdiction over matters intended to harass Goodman.  Goodman hopes the Court will use its substantial power to investigate these allegations and upon verification, act with its full strength to punish the guilty, including if appropriate, referral to Attorney General Rokita for criminal prosecution.

## SPECIFIC ALLEGATIONS

### I.    Fraud Upon the Court and Violation of 18 U.S. Code § 1341

14.     On August 5, 2023, Sweigert set the stage for multiple violations of 18 U.S. Code § 1341 when he filed a change of address notice with intent to deceive the Court into believing that he was either a resident of 1522 Vance Avenue Fort Wayne Indiana or able to receive USPS mail there.  Neither claim is true and when Sweigert coerced litigants to direct USPS mail to be sent to that address in furtherance of the scheme to defraud the Court, he violated § 1341.

15.     "The federal mail fraud statute criminalizes the use of the mails in the service of, inter alia, "any scheme or artifice to defraud." 18 U.S.C.S. § 1341."

*United States v. Nayak*, 769 F.3d 978, 978 (7th Cir. 2014)

16.     Surely the Court cannot tolerate litigation practices that violate criminal statutes. By knowingly filing a false change of address, Sweigert devised a scheme intended to defraud

this honorable Court into ensuring him access to the laws and valuable judicial resources of the people of the state of Indiana for his own misguided, vindictive crusade to occupy Goodman's life with senseless litigation.  By inducing litigants and the Court to send mail via USPS to 1522 Vance Avenue, he used the mails in service of and furtherance of his fraudulent scheme.

17.     "The mail and wire fraud statutes require a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. 18 U.S.C.S. § 1341. This language has been given a broad interpretation and may be read to reach certain types of fraudulent settlement communications."

*Sosa v. DIRECTV, Inc*., 437 F.3d 923, 925 (9th Cir. 2006)

18.     The broad language and intent of the mail fraud statue, and the Court's inherent power and broad discretion, grant it the tools required to thoroughly investigate these serious charges and punish the Plaintiff with appropriate sanctions should they be proven true.

19.     On October 30, 2023, Goodman received an article of returned mail via USPS. The envelope contained a motion Goodman had filed with the clerk of the Second Circuit Appellate Court and served upon Sweigert via USPS to his registered address of record in the case. (*See* Goodman v Bouzy Case 23-1100, Document 59, 11/13/2023, 3589511, Page2 of 6).

20.     On November 14, 2023, the Second Circuit indicated it was also unable to send mail to Sweigert in Fort Wayne Indiana, (*See* Case 23-1100, Document 64).

21.      Public property records indicate the home at 1522 Vance Avenue was sold by plaintiff's brother Robert A. Sweigert in 2018. **(EXHIBIT A)**

22.     Even this honorable Court has been unable to deliver mail to the Plaintiff at 1522 Vance Ave, (ECF No. 9) because he is not a resident of 1522 Vance Avenue, he cannot receive

mail there, and he deliberately deceived the Court when he filed a change of address notification. He did so for the ulterior purpose of harassing Goodman through manipulation of this case.

## II.     Fraud Upon the Court and Violation of 18 U.S. Code § 1343

23.     Sweigert moved to consolidate a case from the Eastern District of Michigan that he had been unable to serve because the defendant was a phantom corporation he concocted in a scheme to deceive Goodman into hiring counsel, (*See* Case 1:23-cv-06881-JGK Document 33).

24.     Proceeding with good faith, intending to counteract the increasingly malicious Lawfare campaign, and with a view toward judicial efficiency, Goodman moved to consolidate this instant action with the SDNY and MIED cases on November 20, 2023, (*See* Case 1:23-cv-05875-JGK-VF Dkt. 77), albeit incorrectly filing the motion with SDNY before this Court.

25.     Goodman realizes now that this was an error.  Goodman is not an attorney and despite years of unintended pro se defendant status there are tremendous gaps in his knowledge of law and Court procedure.  Goodman mistakenly filed the motion in the SDNY and only realized this after the filing.  On or about November 22, Sweigert filed a letter motion with the SDNY explaining Goodman's error and his desire to access the venue in SDIND. **(EXHBIT B)**

26.     Goodman alleges on information and belief that Sweigert violated 18 U.S. Code § 1343 when he filed two requests for summonses on the Court's ECF docket, (ECF Nos 14 and 15).  These may be completely normal filings that the plaintiff made on Saturday November 18, 2023, prior to Goodman's flawed motion to consolidate, however several points of suspicious evidence raise questions about these filings sufficient for the Court to investigate further.

27.     At the outset and given that this instant action was initiated by Sweigert on July 12, 2023, the timing of the request for summonses is by defemination, at least coincidental.

28.     Plaintiff Sweigert is a professional hacker who has spent the last six and half years scheming daily about novel ways to bring malicious, vexatious litigation against Goodman. Sweigert is the author of *The Ethical Hacker's Field Operations Guide: Learning the Art of Penetration Testing,* (https://www.amazon.com/Ethical-Hackers-Field-Operations-Guide/dp/1517763096/ref=sr_1_4?crid=2G7KR63CS38SC&keywords=ethical+hackers+field+sweigert&qid=1700670601&sprefix=ethical+hackers+field+sweigert%2Caps%2C67&sr=8-4).

29.     Sweigert's hacking book teaches readers about topics including social engineering, sometimes known as deception, and penetration testing ("Pen Testing") which involves repeatedly attacking a secure system, such as the Court's ECF Docket, until a weakness is found and exploited.  An ethical hacker employed by the Court might do this to learn how someone could compromise a secure system.  If Goodman is correct, and Sweigert used social engineering and Pen Testing tactics to violate the authenticity of the ECF docket, this would be a matter of the utmost importance and should prompt the Court to alter its cyber security posture.

## PLAINTIFF'S HISTORY OF MANIPULATED ECF FILINGS

30.      Previously in MIED, Goodman alleged Sweigert participated in a scheme to alter a filing with the intent to affect the outcome of the case.  Goodman filed an amicus curiae brief citing evidence he found which provoked Judge Gershwin Drain to call for an evidentiary hearing including Goodman.  Less than a day before its scheduled time, the hearing was canceled with no explanation. (*See* Sweigert v Cable News Network 2:20-cv-12933-GAD-KGA)

31.     MIED offers a sophisticated web site to pro se litigants rather than filing via email to the clerk's office like most other district courts.  When litigants upload documents to be entered by the clerks, the MIED pro se filing portal automatically sends an email receipt, like the one Goodman received after he filed the amicus curiae brief. **(EXHIBT C)**

32.     It would be easy to prove or disprove Goodman's allegations by presenting the receipt from the MIED pro se electronic filing portal, however no receipt has been produced.  It has been more than two years and rather than produce a receipt, both Sweigert and his brother have sued Goodman unsuccessfully without even attempting to refute Goodman's evidence.

33.     A plaintiff with no suspicious filing history, who did not engage in serial vexatious litigation, cyberstalking, and harassment, might persuade a court that the anomalous evidence in the November 18 filing was coincidence or a byproduct of the clerk's normal processes.  Here however, with plaintiff Sweigert, these suppositions cannot be taken for granted.

34.     The creation dates on Plaintiffs filings at ECF Nos. 14 and 15 are in conflict with the filing date.  The documents are stamped as filed on Saturday November 18, but inspection of the document properties show that it was not created until November 20.  While it is possible for something like this to happen with a normal filing on a Saturday, it is unusual that the clerks did not enter the filing that following Monday and rather waited one day until Tuesday November 21, despite evidence of interaction with the document the day before.  **(EXHIBIT D)**

35.     These sorts of anomalies in document metadata can sometimes be explained by the normal activates of the clerks and the functions required of them in transferring litigants' filings from pro se filing systems to the ECF docket.  However, in this case due to the plaintiff's history of litigation chicanery there remain reasons to be extremely suspicious.

36.     One way the Court could verify the authenticity of the filing would be to have its own Information Technology ("IT") staff examine the time date the email containing this filing arrived at the clerk's office as recorded on the clerk's computer.  If the arrival time and date is November 18, then the email is likely authentic.  If it is not, it is likely evidence of deception.

37.     One way a nefarious plaintiff could make the Court believe they had filed the summonses three days prior would be to set the date on their computer back three days and then file on temporary-efiling@insd.uscourts.gov.  To an unsuspecting clerk, the email would appear to have been sent the prior Saturday, November 18 not the actual date, Monday November 20.

38.     A social engineering enhancement of this scheme might involve placing a call to the clerk's office late on Monday November 20, and saying something like, "I filed something on Saturday via email filing and it has not yet been entered, could you please check if the email arrived?"  Such a conversation between a pro se litigant and a clerk would not inherently raise suspicion, and the unsuspecting clerk would be likely to find what appeared to be a two-day old submission that had simply been missed earlier that day.  This is speculation of course, but based on the totality of evidence, an inquiry with the clerks would be a prudent step in an investigation.

39.     Perhaps the strongest evidence of deception is the motive and timing provided by Sweigert's filing with the SDNY on November 22, 2023.  (*See* 1:23-cv-06881-JGK-VF Dkt. 70). This letter explains his motive for wanting to access SDIND.  Timing suggests the need to deceive the Court into believing his false November 18 filing prompted Goodman's motion to consolidate which is not true.  Had Goodman filed his motion correctly, Sweigert would not have had the opportunity, need or idea that motivated his alleged attack on the Court's ECF Docket.

40.     If the Court's simple investigation of the email arrival date does determine there has been manipulation, the Court must take swift and decisive action.  Such illicit acts intended to gain advantage in litigation are an affront to the civilized dissemination of justice and the lowest form of deception.  As arduous as Sweigert's years of legal battering have been for Goodman, the damage Sweigert does to society overall is far greater.  By jamming up the mechanisms of justice with his fraudulent nonsense and criminal schemes, Sweigert denies

American citizens access to the courts.  This is denial of justice writ large.  Sweigert is a menace to society whose more than half decade long screed of psychopathic litigation must end now.

**CONCLUSION**

For the reasons stated herein, to prevent the ongoing manifest injustice and abuse of the Courts for vindictive, vengeful, or personal ulterior purposes, this Court must fully investigate these serious, evidence backed allegations of criminal action and fraud upon the Court.  Upon appropriate finding and in the furtherance of justice, this Honorable Court must act to the fullest extent of its power and legal authority to punish offending litigants and preserve the integrity of the Judicial Branch of the United States Government which the disgraceful actions of Plaintiff Sweigert routinely diminish and attack for his own psychotic enrichment.

Dated: New York, New York November 22, 2023

Respectfully submitted,

Jason Goodman
Pro Se Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

**EXHIBIT A**

**PUBLIC PROPERTY RECORD**
**1522 VANCE AVE**
**FORT WAYNE, IN 46805**



**1522 Vance Ave.**
Fort Wayne, IN 46805

| | |
|---|---|
| Overview | |
| **Possible Owners** | 3 |
| Possible Residents | 12 |
| Property Details | 4 |
| Building Permits | 7 |
| Deeds | 3 |
| Liens | 4 |
| Property Valuation | 4 |
| Homes Nearby | 210 |
| Schools & Area | 116 |



♡ Save    🔔 Monitor    📄 PDF    ☰ List    ••• More

## Possible Ownership Timeline

📢 Leave feedback

🏃 Is something missing?

**2018 - Present** — **Hernandez, Alfredo|gonzalez, Lorena**
Date of purchase November 2018

**2018 - 2018** — **Wcc Properties Llc**
Date of purchase October 2018

**2013 - 2018** — **Robert A Sweigert**
Date of purchase September 2013

**unknown - 2013** — **Robert A Sweigert**
Date of purchase unknown

Is this accurate?
👍 👎

## 12 Possible Residents

✓ Learn more

**Andrew G Sweigert**                                 View person report

Current location 1522 Vance Ave. Fort Wayne, IN 46805
Dates seen 2009 - 2023

Is this accurate?
👍 👎

**Robert A Sweigert**                                 View person report

May also go by ROBERT A SWIGERT
Current location 1522 Vance Ave. Fort Wayne, IN 46805
Dates seen 2013 - 2018

Is this accurate?
👍 👎

# 1522 Vance Ave

Fort Wayne, IN 46805



# Property

## Information

**Tax Year/Pay Year**
2022 / 2023

**Parcel Number**
02-07-36-226-005.000-074

**Property Type**
Real

**Tax Unit / Description**
74 - FW Wayne

**Property Class**
RESIDENTIAL ONE FAMILY DWELLING ON A
PLATTED LOT

**Owner of Record**
Hernandez Alfredo & Gonzalez Lorena

**Mailing Address**
1522 Vance Ave
Fort Wayne, IN 46805

**Mortgage Company**
no data

**Mtg Company Last Changed**
no data

**Tif**
no data

**Provide Electronic Billing?**
No

**Duplicate Number**
1852667

**Homestead Credit Filed?**
Yes

**Over 65 Circuit Breaker?**
No

## Legal Description

Note: Not to be used on legal documents

**Description**

W 1/2 N 136' Lot 71 Elizabeth C Hanna Subdivision of Plat C

no data

**Parcel Acres**

no data

**Section**

0036

**Lot Number**

71

**Township**

0007

**Block/Subdivision**

no data

**Range**

# Billing

## $36.68

Current Account Balance

## Detail

|  | Tax Bill | Adjustments | Balance |
|---|---|---|---|
| **Spring Tax:** | $733.47 | $0.00 | $733.47 |
| **Spring Penalty:** | $73.35 | $0.00 | $73.35 |
| **Spring Annual:** | $0.00 | $0.00 | $0.00 |
| **Fall Tax:** | $733.47 | $0.00 | $733.47 |
| **Fall Penalty:** | $0.00 | $0.00 | $0.00 |
| **Fall Annual:** | $0.00 | $0.00 | $0.00 |
| **Delq NTS Tax:** | $0.00 | $0.00 | $0.00 |
| **Delq NTS Pen:** | $0.00 | $0.00 | $0.00 |
| **Delq TS Tax:** | $0.00 | $0.00 | $0.00 |
| **Delq TS Pen:** | $0.00 | $0.00 | $0.00 |
| **Other Assess:** | $0.00 | $0.00 | $0.00 |
| **Late Fine:** | $0.00 | $0.00 | $0.00 |
| **20% Penalty:** | $0.00 | $0.00 | $0.00 |
| **Demand Fee:** | $0.00 | $0.00 | $0.00 |
| **Jdg Tax/Pen/Int:** | $0.00 | $0.00 | $0.00 |
| **Judgement Fee:** | $0.00 | $0.00 | $0.00 |
| **Advert Fee:** | $0.00 | $0.00 | $0.00 |
| **Tax Sale Fee:** | $0.00 | $0.00 | $0.00 |

|  | Tax Bill | Adjustments | Balance |
|---|---|---|---|
| **NSF Fee:** | $0.00 | $0.00 | $0.00 |
| **Certified to Court:** | $0.00 | $0.00 | $0.00 |
| **LIT Credits:** | $201.87 | $0.00 | $201.87 |
| **PTRC:** | $0.00 | $0.00 | $0.00 |
| **HMST Credit:** | $0.00 | $0.00 | $0.00 |
| **Circuit Breaker:** | $19.02 | $0.00 | $19.02 |
| **Over 65 CB:** | $0.00 | $0.00 | $0.00 |
| **Tax and Penalty:** | | | $1,540.29 |
| **Other Assess (+):** | | | $0.00 |
| **Fees (+):** | | | $0.00 |
| **Cert to Court (-):** | | | $0.00 |
| **Subtotal:** | | | $1,540.29 |
| **Receipts:** | | | $1,503.61 |
| **Total Due:** | | | $36.68 |
| **Surplus Transfer:** | | | $0.00 |
| **Account Balance:** | | | $36.68 |

## Tax History

| Pay Year | Spring | Fall | Delinquencies | Total Tax | Payments |
|---|---|---|---|---|---|
| **2023** | $733.47 | $733.47 | $73.35 | $1,540.29 | $1,503.61 |
| **2022** | $619.52 | $619.52 | $627.20 | $1,866.24 | $1,866.24 |
| **2021** | $570.18 | $570.18 | $0.00 | $1,140.36 | $570.18 |
| **2020** | $519.72 | $519.72 | $222.16 | $1,261.60 | $1,261.60 |
| **2019** | $211.58 | $211.58 | $0.00 | $423.16 | $211.58 |
| **2018** | $590.63 | $590.63 | $29.53 | $1,210.79 | $1,210.79 |
| **2017** | $883.62 | $883.62 | $928.86 | $2,696.10 | $2,696.10 |
| **2016** | $884.64 | $884.64 | $88.46 | $1,857.74 | $928.88 |
| **2015** | $848.98 | $848.98 | $0.00 | $1,697.96 | $1,697.96 |
| **2014** | $235.92 | $235.92 | $0.00 | $471.84 | $471.84 |
| **2013** | $198.35 | $198.35 | $0.00 | $396.70 | $396.70 |
| **2012** | $194.46 | $194.46 | $209.70 | $598.62 | $598.62 |
| **2011** | $190.64 | $235.64 | $490.01 | $916.29 | $716.12 |

## Payments

| Payable Year | Entry Date | Payable Period | Amount Paid | | Property Project |
|---|---|---|---|---|---|
| **2023** | 06/20/2023 | F | $733.47 | Lock Box Payment 6/10/2023 Check Nbr 858363 | N |
| **2023** | 06/20/2023 | F | $770.14 | Lock Box Payment 6/10/2023 Check Nbr 858363 | N |

# Tax Overview

## Tax Summary

| Tax Summary Item | 2022 | 2023 |
|---|---|---|
| **1. Gross assessed value of property** | | |
| 1a. Gross assessed value of land and improvements | $113,500 | $132,600 |
| 1b. Gross assessed value of all other residential property | $0 | $0 |
| 1c. Gross assessed value of all other property | $0 | $0 |
| **2. Equals total gross assessed value of property** | $113,500 | $132,600 |
| 2a. Minus deductions | ($68,975) | ($75,660) |
| **3. Equals subtotal of net assessed value of property** | $44,525 | $56,940 |
| 3a. Multiplied by your local tax rate | 3.153 | 2.9642 |
| **4. Equals gross tax liability** | $1,403.86 | $1,687.83 |
| 4a. Minus local property tax credits | ($164.82) | ($201.87) |
| 4b. Minus savings due to property tax cap | $0.00 | ($19.02) |
| 4c. Minus savings due to 65 years & older cap | $0.00 | $0.00 |
| **5. Total property tax liability** | $1,239.04 | $1,466.94 |

## Assessed Values as of 03/21/2022

| | |
|---|---|
| Land Value | $20,500 |
| Improvements | $112,100 |

## Other Assessments

| Assessment Name | Billing | Adjustments | Balance | |
|---|---|---|---|---|
| No data | | | | |

## Exemptions / Deductions

| Description | Amount |
|---|---:|
| Homestead Stand | $45,000.00 |
| Homestead Supp | $30,660.00 |
| **Count: 2** | **$75,660.00** |

# History

## Property

| Event | Date | Time | Effective Date | Create Year | Related Property Key | Book | Page | Doc Nbr |
|---|---|---|---|---|---|---|---|---|
| No data | | | | | | | | |

## Transfer

| Transferred From | Transfer Date | Reference Number | Document Number | Book | Page |
|---|---|---|---|---|---|
| WCC Properties LLC | 10/12/2018 | | 2018052500 | | |
| Sweigert Robert A | 09/13/2018 | | 2018047443 | | |
| Sweigert George H & Catherine | 08/28/2013 | | 2013050232 | | |
| Krudop James & Elizabeth L | 05/08/1970 | 0d1471 | | | |
| Prior To Tax System | 01/01/1801 | | | | |

Copyright © 2023 Low Associates, Inc.

**EXHIBIT B**

Plaintiff Sweigert's Letter Motion to SDNY Entered November 22, 2023

D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

November 22, 2023

***Sweigert v. Goodman,*** **23-cv-05875-JGK**
**Associated action: 23-cv-06881-JGK**

U.S. District Judge Honorable John G. Koeltl
U.S. District Court
for the Southern District of New York
500 Pearl Street, New York, N.Y. 10007
Via ECF filing

SUBJ:     Plaintiff's OBJECTION to Defendant's motion papers ECF no. 77

Dear Judge Koeltl,

1.      Yesterday Defendant Jason Goodman docketed his motion papers as ECF no. 77 known as
"NOTICE OF MOTION TO CONSOLIDATE RELATED LITIGATION".  Without filing papers
in the U.S. District Court for the Southern District of Indiana, Mr. Goodman seeks consolidation
of the Indiana legal action 23-cv-01228-JRS-MG into the S.D.N.Y. forum.  The Plaintiff
OBJECTS.

2.      Although Mr. Goodman cites Fed. R. Civ. Proc. Rule 42(a) in his ECF no. 77 papers, the
S.D.N.Y. has no jurisdiction in this matter and can not transfer an Indiana legal action.  The Court
only has powers to consolidation legal actions in the same district.

3.      It is instructive to note, "[u]nder Federal Rule of Civil Procedure 42(a), the Court only has
the power to consolidate actions before the same federal district court. *Facen v. Royal Rotterdam
Lloyd S S Co.,* 12 F.R.D. 443 (S.D.N.Y. 1952). The motion to consolidate is denied because the
related action is now pending in Vermont state court," *Marathon Search Partners of Burlington,
Inc. v. Axelrod,* 16 Civ. 7452 (RWS) (S.D.N.Y. Oct. 21, 2016).

4.      Again, "[b]ut the application must be made in the district in which the case is pending and
not in the district to which it is to be removed." *Facen v. Royal Rotterdam Lloyd S.S. Co., et. al. v.
Royal Rotterdam Lloyd S.S. Co*., 12 F.R.D. 443 (S.D.N.Y. 1952); see *National Equipment Rental,
Ltd. v. A.L. Fowler, D.O.,* 287 F.2d 43 (2nd Cir. 1961)," *Robeson v. Howard University,* 00 Civ.
7389 (GBD) (S.D.N.Y. Jan. 28, 2002).

5.      Contrary to Mr. Goodman's motion papers the Indiana legal action is not similar in nature
or fact pattern to the litigation before this Court.  The Indiana action addresses the on-going
slander, smear, libel and misappropriation related to George H. Sweigert, (Plaintiff's father) a
disabled veteran who served honorably for five (5) years as a U.S. Army Staff Sergeant (with the
Combat Infantry Badge) in World War II South Pacific campaigns.  This includes action at
Guadalcanal, the Fiji Islands, Philippines, the Solomons Islands, and other bloody conflicts.

1

6.     The Indiana legal action is based upon Indiana Crime Victims Act (ICVA), theft, Ind. Code § 35-43-4-2, deception, Ind. Code § 35-43-5-3. and the Plaintiff's rights (as his father's heir) under Indiana's statutory protection for the right of publicity, Ind. Code § 32-36-1-8(a).  Additionally, there is a co-defendant known as PATREON, INC.

7.     Below is a sample artifact (Mr. Goodman's Twitter account) from the Indiana action.



8.     Indiana allows actions to protect the reputation and legacy of deceased individuals. Plaintiff's father lived in Indiana for thirty (30) years and served as an instructor of electronics technology at an Indiana state university.  Anticipated witnesses include son Robert A. Sweigert and grandson Andrew G. Sweigert (cited by Mr. Goodman in his ECF no. 77 papers), both residents of Fort Wayne, Indiana.

Respectfully,     Signed 11/22/2023

**D.G. SWEIGERT, PRO SE PLAINTIFF**

## CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, truth@crowdsourcethetruth.org

Certified under penalties of perjury.

Respectfully,     Signed this November 22nd, 2023 (11/22/2023)

**D.G. SWEIGERT, PRO SE PLAINTIFF**

2

**EXHIBIT C**

Electronic filing receipt for Amicus Curiae Brief from Eastern District of Michigan Pro Se Electronic Filing Portal

**From:** no-reply@mied.uscourts.gov
**Subject:** Pro Se Document Submission
**Date:** July 20, 2021 at 12:51 PM
**To:** truth@crowdsourcethetruth.org



# Pro Se Document Submission

Filer's Name: Jason Goodman

Filer's Email: truth@crowdsourcethetruth.org

Filer's Phone: 323-744-7594

Case Number: cv 12933-GAD-KGA

Filer's Signature: S/ Jason Goodman

---

File 1: Uploaded as "Amicus Brief Goodman with Exhibit.pdf", saved and attached as "File_1_ProSe_20210720_11_10_15_213.pdf"
Description: Amicus Curiae brief from Pro Se non-party Jason Goodman

I agree to each of the following:

1. I am intending to file the attached document(s) with the court.
2. I am not a licensed attorney, e-filer or submitting on behalf of an incarcerated party.
3. If filing a new case and paying the filing fee, the payment information will be sent in a separate email. Do not upload summons until payment of the filing has been received or directed to do so by the Court.

For technical assistance, please call (313) 234-5025.

**EXHIBIT D**

ECF NO. 14

Document Properties in Adobe Acrobat Reader Reveal Evidence of Alleged Document Manipulation

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana  ▾

> **FILED**
>
> **11/18/2023**
>
> **U.S. DISTRICT COURT**
> SOUTHERN DISTRICT OF INDIANA
> Roger A.G. Sharpe, Clerk

D. G. Sweigert )
)
)
)
_____ )
*Plaintiff(s)* )
)
v. ) Civil Action No. 23-cv-01228-JRS-MG
)
JASON GOODMAN )
dba 21st Century 3D )
dba CrowdSource The Truth )
)
_____ )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

JASON GOODMAN
252 7th Ave #6S
New York, NY 10001

A lawsuit has been filed agai

Within 21 days after service
are the United States or a United Stat
P. 12 (a)(2) or (3) — you must serve
the Federal Rules of Civil Procedure.
whose name and address are:

D.G. S
PMB
514 A
Box E

If you fail to respond, judgme
You also must file your answer or mo

Date: _____

---

**Document Properties**

| Description | Security | Fonts | Initial View | Custom | Advanced |

Description

File: 014.pdf
Title:
Author:
Subject:
Keywords:

Created: 11/20/23, 2:58:05 PM            Additional Metadata...
Modified: 11/21/23, 11:34:10 AM
Application:

Advanced

PDF Producer: iText® 7.1.6 ©2000-2019 iText Group NV (Administrative Office of the United
PDF Version: 1.7 (Acrobat 8.x)
Location: /Users/jasongoodman/Documents/D George Sweigert v Goodman/Indiana/Pac...
File Size: 60.69 KB (62,147 Bytes)
Page Size: 8.50 x 11.00 in          Number of Pages: 2
Tagged PDF: No                       Fast Web View: No

Help                                  Cancel    OK