USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
THE NATIONAL ACADEMY OF TELEVISION  :
ARTS AND SCIENCES, INC. and ACADEMY :
OF TELEVISION ARTS & SCIENCES,      :
                                     :
                         Plaintiffs, :          20-CV-7269 (VEC)
                                     :
         -against-                   :          ORDER
                                     :
MULTIMEDIA SYSTEM DESIGN, INC.       :
d/b/a "CROWDSOURCE THE TRUTH",       :
                                     :
                         Defendant.  :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on February 22, 2022, the Court ordered Jason Goodman, the sole shareholder and employee of Defendant MSD, to file a copy of the Court's Order at Dkt. 156 (hereafter "the Order") "in every lawsuit in which he or any company in which he is a majority shareholder is a party. This Order applies whether the lawsuit is in state court or federal court and whether Mr. Goodman or his company is represented or *pro se*. Should he fail to do so, that would be a contempt of this Court's Order and would be punished accordingly"; and

WHEREAS on October 31, 2023, Mr. Goodman filed a complaint in *Goodman v. The City of New York & X Corp. et al*, No. 23-CV-9648, and failed to file a copy of the Order.

IT IS HEREBY ORDERED THAT by no later than **November 28, 2023**, Mr. Goodman must show cause why, in light of the lack of a specific deadline in the Order by which Mr. Goodman must file it in newly-commenced lawsuits, the Court should not amend it to require him to file the Order within one week of commencing any new lawsuit and ordering him to promptly file the Order in No. 23-CV-9648 and in any other lawsuit commenced since his last certification.

The Clerk of Court is respectfully directed to mail a copy of this Order to Jason Goodman at: 252 7th Avenue #6s, New York, NY 10001.

**SO ORDERED.**

Date: **November 8, 2023**
       **New York, New York**

　　　　　　　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

|                                                                                                                                                                                                                                                                                                                                                                  |   | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 2/22/2022 |
|---|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
THE NATIONAL ACADEMY OF TELEVISION  :
ARTS AND SCIENCES, INC. and ACADEMY :
OF TELEVISION ARTS & SCIENCES,                :
                                                                                      :
                                             Plaintiffs,             :           20-CV-7269 (VEC)
                                                                                      :
                    -against-                                             :           ORDER
                                                                                      :
MULTIMEDIA SYSTEM DESIGN, INC.         :
d/b/a "CROWDSOURCE THE TRUTH",       :
                                                                                      :
                                             Defendant.            :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

In late 2020, the National Academy of Television Arts and Sciences and the Academy of Television Arts & Sciences sued Multimedia System Design, Inc., d/b/a Crowdsource the Truth ("MSD") for violating its copyright and trademark on the Emmy statuette and for defamation. *See* Compl., Dkt. 1; *see also* Am. Compl., Dkt. 62. Thus began litigation that has now ended with a default judgment being entered against the Defendant following its failure to hire an attorney to represent it after its initial attorney was relieved. This Order addresses misconduct by the sole shareholder and employee of MSD, Jason Goodman, in connection with this litigation. Mr. Goodman is a conspiracy theorist who has an ongoing feud with D. George Sweigert ("Mr. Sweigert") that plays out, among other places, on the internet and via federal court litigation. *See, e.g.*, *Sweigert v. Goodman*, No. 18-CV-8653 (S.D.N.Y.).

On December 18, 2020, MSD (represented at the time) and the Plaintiffs stipulated to a Protective Order that provided, *inter alia*: "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Protective Order, Dkt. 41 at 2. On August 13, 2021, while a motion for sanctions was pending

against MSD, *see* Dkts. 63, 66, MSD's attorney sought to be relieved because he was purportedly afraid of Mr. Sweigert, *see* Dkts. 100, 101. The motion represented that the sole principal of MSD, Mr. Goodman, did not object to the attorney being relieved. The Court granted the attorney's request to be relieved and adjourned *sine die* MSD's time to respond to the outstanding motion for sanctions. *See* Orders, Dkts. 103, 104.

On August 24, 2021, just days after MSD's attorney had been relieved, Plaintiffs notified the Court via a sealed letter that Mr. Goodman had violated the Protective Order. *See* Pls. Ltr., Dkt. 109; *see also* Dkt. 113. Plaintiffs attached to their letter an email string that included (in chronological order): (1) part of an email dated June 4, 2021, from Mr. Sweigert, using the email address spoliation-notice@mailbox.org, to New York State's Attorney Grievance Committee complaining about MSD's attorney; (2) another email from Mr. Sweigert to the Grievance Committee, dated August 16, 2021, purporting to provide background information on the attorney's "disassociation from his client"; (3) an email from Mr. Sweigert dated August 23, 2021, to the New York Attorney General complaining about MSD and Jason Goodman; (4) an email, dated August 23, 2021 at 11:52 a.m., from Jason Goodman "to all recipients of David George Sweigert's malicious email," complaining about Mr. Sweigert and stating, *inter alia*, that Mr. Sweigert caused a "fraudulent email message to be sent to the National Academy of Television Arts and Sciences" from a specified email address (hereafter referred to as "the confidential email address") and that email message caused a lawsuit to be filed against Goodman[1]; (5) an August 23, 2021, responsive email from Larry Klayman (who is an attorney); and (6) an August 23, 2021, response from Mr. Goodman to Mr. Klayman, which was copied to more than thirty email addresses, including Plaintiffs' counsel and the confidential email address.

---

[1] The reference to the lawsuit being filed against Mr. Goodman is apparently a reference to this lawsuit, which, in fact, was filed against MSD, not Mr. Goodman.

2

*See* Dkt. 109-1; *see also* Dkt. 113 at Ex. A.  In Mr. Goodman's August 23, 2021, response to Mr. Klayman, Mr. Goodman explained that the goal of his 11:52 a.m. email had been to get the word out that Mr. Sweigert is "crazy without saying anything that he can allege is defamatory." Further, Mr. Goodman explained:

> I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy guy and if they don't unalign themselves it's gonna give me more evidence to show that they're working together.  I also sent this to [the confidential email address] first time I ever emailed that address.  Let's see if there's any response.  Now that I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not even Pro Se so they could just yell at me and tell me not to do it again.

Dkt. 109-1 at 1; *see also* Dkt. 113 at Ex. A at 1.  After determining that neither Mr. Goodman nor MSD were represented by Mr. Klayman, the Court ordered Mr. Goodman to show cause why he should not be sanctioned for violating the Protective Order.  *See* Order, Dkt. 112.[2]  Mr. Goodman asserted in his written response, "I did not know the email was subject to the protection order. . . . I recall [MSD's former attorney] telling me that Plaintiff did something that put the address into the public domain, but I cannot recall what that was. . . . Any improper revelation was inadvertent and unintentional."  Response, Dkt. 114.  After receiving Mr. Goodman's response and the Plaintiffs' reply, Dkt. 117, plus two more submissions from Mr. Goodman, Dkts. 120, 121, the Court scheduled an evidentiary hearing, Dkt. 122.  The hearing was held on October 25, 2021.  *See* Oct. 25, 2021 Hearing Tr., Dkt. 129.

Although his written response and the email that triggered this Order implicitly admitted that he was aware that a Protective Order was in place, at the hearing, Mr. Goodman testified, incredibly, that he was unsure whether he had known that there was a Protective Order in place until Plaintiffs notified him in August that he had violated it.  *See id.* at 6:4–17.  Although his

---

[2] The Court also ordered Plaintiffs to refile their August 24, 2021, letter publicly with the confidential email address redacted.  *See* Order, Dkt. 112.  Plaintiffs did so on August 26, 2021.  *See* Dkt. 113.

3

written response stated that he could not recall why he thought the confidential email address was public, at the time of the hearing, Mr. Goodman recalled being told by MSD's former attorney in May 2021 that the confidential email was no longer confidential because it had been spoken aloud during a deposition (which itself had been marked confidential in its entirety, *see id.* at 11:13–15) and Plaintiffs' counsel did not move to strike it from the record, *see id.* at 7:11–18, 9:7–15, 10:22–11:9, 18:1–6. At the same time, Mr. Goodman acknowledged that MSD's attorney had told him prior to being relieved that he could not simply email the confidential email address, *see id.* at 9:16–19, 10:22–24, 12:9–11, advice that would make no sense if the attorney had advised Mr. Goodman that it was no longer subject to the Protective Order.[3]

"Sanctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). As relevant here, "district courts have the inherent power" to sanction a party "for bad faith conduct violating the court's orders." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules."). A court may impose sanctions under its inherent authority if it finds by "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Conduct is entirely

---

[3] Why the email address is confidential is not entirely clear. According to Plaintiffs' counsel, it is confidential because it communicated to Plaintiffs through a members-only email portal; thus, exposure of the email address could jeopardize the confidentiality of Plaintiffs' membership. *See* Oct. 25, 2021 Hearing Tr. at 32:9–33:1. While that argument may or may not have prevailed in the face of a defense request to the Court to remove it from the constraints of the Protective Order, the fact that Plaintiffs designated the email address as confidential has fueled Mr. Goodman's suspicion that his nemesis, Mr. Sweigert, used that email address to foment this litigation and that Plaintiffs are wrongfully trying to hide their association with him. *See id.* at 9:22–23, 16:1–9, 24:1–7, 41:16-42:10. The provenance of the email address and its role *vel non* in the genesis of this litigation are irrelevant to whether Mr. Goodman violated the Protective Order.

4

without color when it lacks any legal or factual basis." *Id.*; *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) ("A court may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'") (citation omitted).

Applying this standard, a sanction for Mr. Goodman's violation of the Protective Order is appropriate. The Protective Order was clear and unambiguous that "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Dkt. 41 at 2. It is obvious from the face of Mr. Goodman's August 23, 2021 email that Mr. Goodman was well aware that the confidential email address was confidential. If he were not aware of that fact (that is, if his testimony at the hearing were truthful that he thought the email address was no longer confidential), his statement in the August 23, 2021 email — which he accidentally copied to a group of many people (including Plaintiffs' counsel)[4] — that his attorney "can't get sanctioned" for using and disclosing the confidential email address would make no sense. Accordingly, it is simply not plausible that Mr. Goodman misunderstood the situation. *See Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011); *see also Roberts v. Bennaceur*, 658 F. App'x 611, 615 (2d Cir. 2016) (summary order) (imposing sanctions based on numerous "misrepresentations" and "inadequate explanations" that demonstrated "bad faith throughout these proceedings") (citation omitted). Rather, Mr. Goodman's violation of the Protective Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire to prove that Mr. Sweigert was behind the confidential

---

[4] The Court can take judicial notice that the practice of hitting "reply all" on emails not infrequently results in emails being inadvertently sent to many recipients. The evidence that Mr. Goodman sent the email in question to the copyees inadvertently is that he promptly called Plaintiffs' counsel, asked her to delete the email, and characterized the email as having been sent inadvertently. *See* Dkt. 113 at Ex. B; *see also* Oct. 25, 2021 Hearing Tr. at 43:7–9 ("At the time I composed [the August 23, 2021, email] I understood it was a statement being made to private, to a friend[.] [T]hat [*i.e.*, sending it to many recipients] was inadvertent.").

5

email address.⁵ For all of these reasons, the Court concludes that Mr. Goodman willfully violated the terms of the Protective Order and disregarded the authority of the Court.

The Court has considered what an appropriate sanction would be. *See Macolor v. Libiran*, No. 14-CV-4555, 2015 WL 1267337, at *5 (S.D.N.Y. Mar. 18, 2015) (sanctions must be "no more severe than reasonably necessary to deter repetition" of the misconduct "or comparable conduct by similarly situated persons") (cleaned up). By Order entered today, the underlying lawsuit has been terminated with a default judgment against MSD. Nevertheless, given Mr. Goodman's propensity to become involved in litigation on both sides of the versus sign, the Court finds that an appropriate sanction is to require Mr. Goodman, for the next two years, to notify all other Courts in which he litigates and all other parties against whom or with whom he litigates that a Court has determined that he willfully violated a Protective Order during litigation. *See, e.g.*, *Gallop v. Cheney*, 667 F.3d 226, 230 (2d Cir. 2012) (requiring sanctioned counsel "for a period of one year from the date of entry of this order, to provide notice of the sanctions imposed upon him in this case . . . to any federal court in this Circuit before which he appears or seeks to appear"). To accomplish this, Mr. Goodman must, until **February 22, 2024**, file a copy of this Order in every lawsuit in which he or any company in which he is a majority shareholder is a party. This Order applies whether the lawsuit is in state court or federal court and whether Mr. Goodman or his company is represented or *pro se*. Should he fail to do so, that would be a contempt of this Court's Order and would be punished accordingly.

Mr. Goodman must file a certification, under penalty of perjury, with this Court, not later than **March 22, 2022**, listing all cases in which he is engaged as of that date, and affirming that this Order has been filed in each case. Thereafter, on the one-year anniversary of this Order,

---

⁵ Whether it was Mr. Sweigert who notified Plaintiffs of the misuse of the Emmy statuette is, of course, not relevant to whether MSD's actions violated Plaintiffs' intellectual property rights.

6

until and including 2024, Mr. Goodman must file a similar certification, under penalty of perjury, listing all cases in which he has been engaged since the prior certification, and affirming that the Order was filed in all of the cases.

The Clerk of Court is respectfully directed to mail a copy of this Order to Jason Goodman at: 252 7th Avenue #6s, New York, NY 10001.

**SO ORDERED.**

Date: **February 22, 2022**
New York, NY

_____
**VALERIE CAPRONI
United States District Judge**

7

**MANDATE**

22-592-cv
The National Academy of Television Arts and Sciences, Inc. v. Goodman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-three.

PRESENT:
        ROSEMARY S. POOLER
        RICHARD C. WESLEY,
        MICHAEL H. PARK,
        *Circuit Judges.*

_____

The National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences,

        *Plaintiffs-Appellees*,

        v.                    22-592

Jason Goodman,

        *Counter-Claimant-Counter-Defendant-Appellant.*[*]

---

[*] The Clerk is respectfully directed to amend the caption accordingly.

MANDATE ISSUED ON 09/13/2023

| | |
|---|---|
| **FOR GOODMAN:** | Jason Goodman, pro se, New York, NY. |
| **FOR THE ACADEMIES:** | Margaret A. Esquenet , B. Brett Heavner, Mary Kate Brennan, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC. |
| **FOR AMICUS CURIAE:** | D. George Sweigert, pro se, Box Elder, SD. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the motion to strike is **DENIED** as moot.

Appellant Jason Goodman, proceeding pro se, appeals from the district court's sanctions order against him and denial of his motion to intervene. Appellees, the Academy of Television Arts & Sciences and the National Academy of Television Arts and Sciences, Inc. (together, the "Academies"), brought a copyright- and trademark-infringement suit against Multimedia System Design, Inc. ("MSD"). Goodman, the sole owner and employee of MSD, sought to intervene on his own behalf. The district court denied that motion and imposed sanctions on Goodman for willfully violating a

1    protective order by exposing a confidential email address.  We assume the parties'

2    familiarity with the underlying facts, the procedural history of the case, and the issues on

3    appeal.

4        Pro se filings are liberally construed "to raise the strongest arguments they

5    suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

6    **I.    Sanctions**

7        We review sanctions orders for abuse of discretion.  *Wolters Kluwer Fin. Servs., Inc.*

8    *v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009).  "Imposition of sanctions under a court's

9    inherent powers requires a specific finding that an attorney [or party] acted in bad faith"

10   and is "appropriate only if there is clear evidence that the conduct at issue is (1) entirely

11   without color and (2) motivated by improper purposes."  *Id.* at 114.  Conduct is

12   "entirely without color when it lacks any legal or factual basis."  *Id.*  "A finding of bad

13   faith, and a finding that conduct is without color or for an improper purpose, must be

14   supported by a high degree of specificity in the factual findings."  *Id.*

15       The district court did not abuse its discretion by ordering sanctions based on its

16   finding that Goodman acted in bad faith.  Goodman knew of the protective order

17   prohibiting disclosure of confidential discovery material, understood that the

18   confidential email address was protected by that order, and decided to reveal the email

19   address anyway.  The court determined that "Goodman's violation of the Protective

20   Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire

1  to prove that Mr. Sweigert was behind the confidential email address," and Goodman

2  willfully disregarded the authority of the district court in establishing a protective order.

3  Order at 5–6 , *Nat'l Acad. of Television Arts & Scis., Inc.*, No. 20-cv-7269 (S.D.N.Y. Feb. 22,

4  2022), ECF No. 156.   Indeed, Goodman made clear that he understood his behavior could

5  have led to sanctions for an attorney but assumed he was protected from reprisal because

6  he was neither a pro se litigant nor represented by counsel.   *See* Letter exhibit A at 2,

7  *Nat'l Acad. of Television Arts & Scis., Inc.*, No. 20-cv-7269 (S.D.N.Y. Aug. 26, 2021), ECF No.

8  113-1 ("Now that I don't have an attorney whatever I do my attorney can't get sanctioned

9  and I'm not even Pro Se so they could just yell at me and tell me not to do it again.").

10 Moreover, at a show-cause hearing on the matter, the court rejected Goodman's claim

11 that he did not realize the email address was subject to the protective order, specifically

12 finding that this explanation for his conduct was not credible.   We afford the district

13 court's credibility determinations significant deference, *see United States v. Iodice*, 525 F.3d

14 179, 185 (2d Cir. 2008), and the record fully supports the district court's assessment of

15 Goodman's bad faith.

16     Furthermore, the requirement to notify other courts of the order against Goodman

17 is not a particularly onerous sanction.   "A district court may, in its discretion, impose

18 sanctions against litigants who abuse the judicial process," including "an injunction

19 forbidding further litigation."   *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).

20 Goodman has engaged in many lawsuits with Sweigert, including at least six others that

4

have reached this Court. See 2d Cir. 21-78, 21-2005, 21-3101, 22-40, 22-682, 22-1414. The district court's order is limited to two years and serves only to notify other courts that Goodman has previously violated a protective order. The order did not bar Goodman from further litigation and so was less of an imposition than a filing injunction. Cf. Shafii, 83 F.3d at 571. And we have approved similar orders against attorneys who have been sanctioned. See Gallop v. Cheney, 667 F.3d 226, 230-31 (2d Cir. 2012).

**II.    Intervention**

"We review a district court's denial of a motion to intervene for abuse of discretion." In re Bank of N.Y. Derivative Litig., 320 F.3d 291, 299 (2d Cir. 2003). First, to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), an applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Id. at 300. (cleaned up). "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application." Id. (cleaned up).

The district court did not abuse its discretion by finding that Goodman's motion to intervene as of right was untimely, as it was filed a year and a half into the litigation and only after Goodman realized MSD was at risk of a default judgment. Furthermore,

5

Goodman was the sole owner and employee of MSD, suggesting that his interests were fully represented in the suit.

Second, as to permissive intervention under Fed. R. Civ. P 24(b), the district court has "broad discretion" to deny such an application. *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 487 (2d Cir. 1992). The district court did not abuse its discretion in denying the motion to intervene because Goodman filed a separate suit in which he sued Sharp, the Academies, attorneys for the Academies, and others. Goodman thus had a full opportunity for his claims to be heard before a court. Goodman's interests have also been represented on appeal by MSD.

We have considered all of Goodman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Because we affirm the judgment, we **DENY** the Academies' motion to strike as moot.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] The contested Appendix did not factor into our consideration of this appeal.