UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| D.G. SWEIGERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01228-JRS-MG |
| | ) | |
| JASON GOODMAN, | ) | |
| 21ST CENTURY 3D, | ) | |
| CROWDSOURCE THE TRUTH, | ) | |
| PATREON, INC. A Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Various Motions**

### I.   Introduction

"This action is between two *pro se* litigants who spend a great deal of time accusing one another of criminal conduct and other misbehavior on the internet." *Sweigert v. Goodman*, No. 18-CV-8653 (VEC), 2022 WL 168080, at *1 (S.D.N.Y. Jan. 19, 2022) (noting Parties' habit of filing "frivolous motions"). *See also Sweigert v. Goodman*, No. 23-CV-5875 (JGK), 2023 WL 6720322, at *1 (S.D.N.Y. Oct. 12, 2023) (mutual allegations of internet conspiracies); *Sweigert v. Cable News Network, Inc.,* No. 20-CV-12933, 2022 WL 842322, at *1 (E.D. Mich. Mar. 21, 2022) (Sweigert alleges defamatory conspiracy by CNN in which Goodman attempts to intervene); *Goodman v. Bouzy*, No. 21-CIV-10878-AT-JLC, 2023 WL 4235851, at *1 (S.D.N.Y. June 28, 2023) (Goodman alleges defamatory internet conspiracy by Sweigert and others). Sweigert and Goodman have now brought their fight to this Court. The gist of Sweigert's 41-page amended complaint with exhibits, (ECF No. 13), appears to be

that Swegiert resents Goodman's use of Sweigert's father's image to run a parody Twitter account, and perhaps to drum up support for a conspiracy-theory Patreon. (*See generally* Amd. Compl., ECF No. 13.)  Now before the Court are Goodman's Motion to Stay Proceedings, (ECF No. 18), and four Motions for Judicial Notice, (ECF Nos. 21, 28, 30, 42), from both Parties.

## II.   Discussion

The Court will be brief.  Neither the Amended Complaint, (ECF No. 13), nor, for that matter, any of the Parties' subsequent filings, comply with federal pleading rules, which call for a "short and plain" statement of claims, Fed. R. Civ. P. 8(a), and a "simple, concise, and direct" framing of allegations, Fed. R. Civ. P. 8(d).  With each filing litigants swear, under threat of sanction, that their purpose is not to harass and that their legal and factual contentions are not frivolous.  Fed. R. Civ. 11.  This Court has no jurisdiction over nonsense.  *Ngola Mbandi v. Pangea Ventures LLC*, No. 22-3254, 2023 WL 4486703, at \*2 (7th Cir. July 12, 2023).  The federal courts have "better things to do."  *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003)).

Form aside, there are other problems with this Court's subject-matter jurisdiction. Sweigert invokes the Federal Trade Commission Act and the Lanham Act as grounds for federal-question jurisdiction under 28 U.S.C. § 1331.  But "there is no private right of action under the [Federal Trade Commission] Act," *Fed. Trade Comm'n v. Walmart Inc.*, No. 22 CV 3372, 2023 WL 2646741, at \*16 (N.D. Ill. Mar. 27, 2023) (collecting

2

authorities), and the Lanham Act's cause of action is available to commercial competitors, not to consumers, *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 108 (2014). "Litigants who simply cite federal statutes and say that their claims arise under federal law do not conjure federal-question jurisdiction under 28 U.S.C. § 1331." *Mbandi*, 2023 WL 4486703, at *2.

Likewise with diversity jurisdiction: Sweigert alleges "at least $75,001.00 in damages," (Amd. Compl. 4, ECF No. 13), to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. But a mere allegation of the amount in controversy is not enough to assure this Court of jurisdiction when it has reason to doubt that the allegation is made in good faith. *Sykes v. Cook Inc.*, 72 F.4th 195, 206 (7th Cir. 2023). How can an obscure internet squabble amount to $75,000 in damages?

Finally, there is the problem of venue. Sweigert, at the time of filing, had an Indiana address (which Goodman alleges was fraudulent), but now apparently resides in South Dakota. Goodman appears to reside in New York. The allegations concern internet trolling. What is this case doing in Indiana? Goodman seems to request that this case be transferred to New York for consolidation with one of the ongoing cases there, *Sweigert v. Goodman*, No. 23-CV-5875, (M. to Stay 18, ECF No. 18), where, the Court notes, one or both Parties may already be under sanction. The Court has broad power to transfer cases to districts in which they more properly belong. 28 U.S.C. § 1404; *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020). It seems that getting this case under the supervision of the New York

judge or judges, who have more experience with the Parties' litigation history, could well be warranted.

### III. Conclusion

The existing motions, (ECF Nos. 18, 21, 28, 30, and 42), are **denied**, except insofar as the Court takes judicial notice of the Parties' litigation history in other courts. Fed. R. Evid. 201(b)(2), 201(c)(1) and (2); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (notice of court records is quintessential example of appropriate judicial notice).

The operative Amended Complaint, (ECF No. 13), is **dismissed without prejudice** for failure to comply with Rule 8. Fed. R. Civ. P. 8(a).

That makes the Magistrate Judge's Order extending Patreon's Answer deadline, (ECF No. 40), **moot**, because there is now no Complaint to be answered.

The Court will give the Parties a chance to begin again.

Sweigert is given until **4:00 p.m. Friday, February 02, 2024,** to file a motion titled "Motion for Leave to File Second Amended Complaint." That Motion should contain only:

1. In the body of the Motion, in no more than **ten (10)** pages:

    a. A statement for or against transfer of this case to the Southern District of New York, and

    b. A proffer of jurisdictional facts on the amount in controversy; and

2. Attached to the Motion, in no more than **ten (10) pages**, a proposed Second Amended Complaint that complies with all applicable federal pleading standards.

Goodman shall have until **4:00 p.m. Friday, February 16, 2024,** to file a response, of no more than **ten (10) pages**, to the reasons for or against transfer and to the proffer of jurisdictional facts.

If Sweigert chooses not to file a Motion, the case may be dismissed without further notice. If the Parties' filings do not comply with the Court's instructions here, and with all applicable local rules, practices and procedures, and pleading standards, the filings may be stricken, and the case may be dismissed without further notice. If, on review, the Proposed Second Amended Complaint fails to correct the deficiencies identified in this Order, the Motion for Leave to File it may be denied and the case dismissed without further notice. The Court may also transfer the case without further notice.

**SO ORDERED.**

Date: 01/19/2024

_James R. Sweeney_
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Magistrate Judge Garcia

By CM/ECF to counsel of record.

By U.S. Mail to:

D.G. SWEIGERT
514 Americas Way
Box Elder, SD 57719

JASON GOODMAN
252 7th Avenue Apt 6s
New York, NY 10001