IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA                1:23-cv-01228-JRS-MG
-------------------------------------------------------------------X
                   D. G. SWEIGERT,

                         Plaintiff,                **MOTION TO STRIKE**
    -against-

               JASON GOODMAN, et al.,
                        Defendants.
-------------------------------------------------------------------X

**FILED**
**03/08/2024**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

      Defendant, Jason Goodman, ("Goodman") by and for himself pro se, respectfully requests the Court issue an order striking the contents of plaintiff's EMERGENCY MOTION FOR RECONSIDERATION pursuant to FRCP Rule 12(f) because it contains immaterial, impertinent, false, and scandalous matter filed with the express intent to defame Goodman.

### INTRODUCTION

    1.    David George Sweigert, ("Sweigert") has been cyber stalking and harassing Goodman continuously for the past seven years.

    2.    Since 1992, Sweigert has demonstrated a predilection for judicial harassment, colloquially known as ("Lawfare") and has spent the thirty-two years since then gaining a growing understanding the benefits it affords him.

    3.    Once unique benefit of Lawfare is the ability for its practitioners to file impertinent or scurrilous material in court without concern of repercussions such as defamation actions. It goes without saying that such privileged statements, if false and known to be so by the declarant, would be subject to action if published on social media in the same syntax.

    4.    Sweigert prefers to publish false and defamatory statements such as those in his motion for reconsideration, which are not even relevant to his reasons for seeking relief, and then share those filings with anonymous alleged third parties. **(EXHIBIT A)**

5. This tactic is essentially information laundering and grants Sweigert a free license to defame.  Anonymous accounts can truthfully report that the claims were made in a lawsuit. This absolves the public reporter of liability while also imparting strength to the false claim.

6. The vindictive nature of such heinous false statements and their obvious irrelevance to the relief sough should be self-evident and sufficient to strike the filing.

7. Even if the Court chooses to grant the plaintiff's motion, due to the false and completely irrelevant nature of the document's contents, the filing should be stricken from the docket pursuant to FRCP Ruel 12(f) and for any other reasons as determined by the Court.

Dated: New York, New York March 8, 2024

Respectfully submitted,

Jason Goodman
Pro Se Plaintiff
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998